IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| METAL MUNCHERS, LLC, and BRADFORD WELDING & TRUCK EQUIPMENT, INC., <br><br>          Plaintiffs, <br><br>     v. <br><br> ABUL H. SHAH; BANU NASEEM HAMEED; BENNINGTON GLOBAL RESOURCES, LLC, a New York Limited Liability Company; BENNINGTON GROUP, LLC, a Delaware Limited Liability Company; BENNINGTON GROUP, LLC, a New York Limited Liability Company; BENNINGTON FOODS, LLC, a Florida Limited Liability Company d/b/a BENNINGTON GROUP, individually and as *alter egos* of Abul H. Shah and Banu Naseem Hameed, <br><br>          Defendants/Third-Party Plaintiffs, <br><br>     v. <br><br> ST. CROIX RENAISSANCE GROUP, LLLP, a U.S. Virgin Islands corporation, <br><br>          Third-Party Defendant. | 2008-CV-0043 |

TO:   Kevin A. Rames, Esq.
      Lee J. Rohn, Esq.
      Joel H. Holt, Esq.

### ORDER

THIS MATTER came before the Court for consideration upon Third-Party Defendant St. Croix Renaissance Group, LLLP's Motion to Stay (Docket No. 11). Defendants/Third-Party Plaintiffs filed a response in opposition to said motion. The time for filing a reply has expired.

*Metal Munchers, LLC v. Shah*
2008-CV-0043
Order
Page 2

> The decision whether to grant a stay lies within the discretion of the Court.
>
> The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication. How this can best be done is a decision properly vested in the trial courts.

*Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (citing *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S. Ct. 163, 165-66 (1936)).  In this jurisdiction, when

> deciding a motion to stay proceedings pending the resolution of another action in federal court, a court should look at three factors: (1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.  *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 U.S. Dist. LEXIS 13907, at *23-24 (E.D. Pa. Jul. 16, 2004).

*Ciolli v. Iravani*, Civil Action No. 2:08-cv-02601, 2008 WL 4412052 at *2 (E.D. Pa. September 23, 2008) (slip copy).  *See also Smith v. Life Investors Ins. Co. of America*, No. 2:07-cv-681, 2008 WL 2222325 (W.D. Pa. May 29, 2008) (slip copy); *Glades Pharmaceuticals, LLC v. Call, Inc*., No. Civ. A. 04-4259, 2005 WL 563726 (E.D. Pa. March 9, 2005) (cited in *McDonald v. Novartis Pharmaceuticals, Corp.*, Civil No. 07-655 (JBS), 2007 WL 4191750 (D.N.J. November 20, 2007)).

In the matter at bar, Third-Party Defendant alleges that the "Third Party Complaint is essentially verbatim to the Proposed [sic] First Amended Complaint For Damages filed in *Bennington Foods, L.L.C., d/b/a Bennington Group*, Case No. 2006-0154 . . . ." Memorandum in Support of Motion to Stay at 1.  A review of the Third Party Complaint in this matter and the First Amended Complaint in 2006-CV-0154 reveals that they are virtually identical.  The Third-Party Complaint in the current action contains additional claims that Plaintiffs attempted to add in their Proposed Second Amended Complaint in the 2006-CV-0154 matter.

*Metal Munchers, LLC v. Shah*
2008-CV-0043
Order
Page 3

Because the underlying facts, allegations, claims, and legal theories of recovery in the two actions are the same, resolution of the 2006-CV-0154 matter will be determinative and dispositive of a majority of issues in the Third Party action here. Thus, the Court finds that staying the Third Party action in the matter at bar would promote judicial economy.

The balance of harm to the parties weighs in favor of a stay. The 2006-CV-0154 action has been in litigation a considerable time longer than the matter at bar. Much of the litigation of the Third Party action in this matter would merely be duplicative of what has already transpired and will occur in 2006-CV-0154.

Trial of the 2006-CV-0154 matter currently is scheduled for August 3, 2009. Thus, the length of the stay is known and is not indefinite. Consequently, the Court finds that the third factor also weighs in favor of granting the motion.

Based upon the foregoing, t is now hereby **ORDERED**:

1. Third-Party Defendant's Motion to Stay (Docket No. 11) is **GRANTED**.

2. All proceedings related to Defendants/Third-Party Plaintiffs' Third Party Complaint against Third-Party Defendant are **STAYED.**

ENTER:

DATED: November 25, 2008

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE